IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEDRICK THORNTON, | § | |
| #22003389, | § | |
|     Petitioner, | § | |
| | § | No. 3:22-cv-02888-G (BT) |
| v. | § | *Consolidated with* 3:23-cv-00129 |
| | § | |
| MICHAEL PITTMAN, et al., | § | |
|     Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Shedrick Thornton filed two federal habeas petitions that appear to challenge his 2017 conviction and probated sentence for violation of a protective order/assault/stalking in *State of Texas v. Thornton*, F-14-76804-H. But according to the Attorney General, the named Respondent, Bobby Lumpkin, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division, does not have custody of Thornton pursuant to the judgment and probated sentence in cause number F-14-76804-H. *See* Ans. 2 (ECF No. 32). Instead, the Dallas County Community Supervision and Corrections Department has sole custody of Thornton. *See id*. 3. Therefore, the Attorney General moves the Court to dismiss the Director as Respondent, and substitute the Dallas County Community Supervision and Corrections Department. He further asks the Court to allow him to withdraw from representation in this case and substitute the Dallas County District Attorney as attorney of record. The Court should GRANT this request.

I.

On January 12, 2017, Thornton pleaded guilty in cause number F-14-76804-H to violating a protective order/assault/stalking, and the trial court sentenced him to ten years' confinement. *See State of Texas v. Thornton*, F-14-76804-H, SHCR-01 (Writ Rec'd—Part 2); *see also* ECF No. 31-5, at 32-37 (Judgment and Placement on Community Supervision). But the trial court suspended imposition of the sentence in cause number F-14-76804-H and placed Thornton on community supervision for ten years. *See State of Texas v. Thornton*, F-14-76804-H, SHCR-01 (Writ Rec'd—Part 2) at 32. Further, the Court ordered: "PROBATION TO START [in cause number F-14-76804-H] AFTER SENTENCE ON CASE # **F14-76803H** HAS BEEN DISCHARGED." *Id*. at 33.

According to TDCJ's records, Thornton discharged his conviction in cause number F14-76803-H on September 3, 2021. *See* Time Calc., at 2. Therefore, Thornton is no longer in custody under the sentence in cause number F-14-76803-H. Rather, Thornton is in the custody of the Community Supervision and Corrections Department of Dallas County, Texas, in relation to the community supervision he is currently serving in cause number F-14-76804-H.

Because Thornton's two federal habeas petitions appear to challenge his conviction and sentence in F-14-76804-H, the Attorney General moves the Court to dismiss the Director as Respondent and substitute the Dallas County Community Supervision and Corrections Department in his place. The

2

Attorney General further asks the Court to allow him to withdraw from representation in this case and to substitute the Dallas County District Attorney as attorney of record.

II.

Rule 2(a) of the Rules Governing Section 2254 Cases provides that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Additionally, the advisory committee notes that accompany Rule 2 of the Rules Governing Section 2254 Cases state that "[t]he attorney general is in the best position to inform the court as to who the proper party respondent is [and if] it is not the attorney general, he can move for a substitution of party."

Here, the Attorney General has informed the Court that the Dallas County Community Supervision and Corrections Department has sole custody of Thornton. It thus appears that the Community Supervision and Corrections Department of Dallas County is the proper Respondent in this case, and the Court should grant the Attorney General's request to dismiss the Director as Respondent and substitute the Dallas County Community Supervision and Corrections Department. Further, because the Director is not the proper Respondent, the Court should grant the Attorney General permission to withdraw from representation in this case and substitute the Dallas County District Attorney as attorney of record for Respondent.

III.

The Court should ORDER the following:

(1) TDCJ Director Bobby Lumpkin is dismissed as Respondent, and the Dallas County Community Supervision and Corrections Department is substituted for the Director;

(2) the Attorney General is withdrawn from representation in this case, and the Dallas County District Attorney is substituted as attorney of record for Respondent; and

(3) the Dallas County Community Supervision and Corrections Department will be served by separate order with an order to show cause.

**SO RECOMMENDED.**

Signed September 18, 2023.

                           REBECCA RUTHERFORD
                           UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).