IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEDRICK THORNTON, #2463655, | § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:22-cv-2888-G (BT) |
| | § | *Consolidated with* 3:23-cv-00129 |
| DALLAS COUNTY COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT, et al., | § § § § | |
| Respondents. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In two *pro se* amended federal habeas petitions, Shedrick Thornton attacks his 2017 Dallas County conviction for violating a protective order/assault/stalking. For the reasons set forth below, the Court should dismiss Thornton's amended petitions as successive, or, alternatively, as untimely.

**Background**

On January 12, 2017, Thornton pleaded guilty to violation of a protective order/assault/stalking and was sentenced to 10 years' imprisonment. *State v. Thornton*, F-14-76804-H, (Crim. Dist. Court 1, Dallas Cnty., Jan. 12, 2017); ECF No. 52 at 11. Thornton's confinement was suspended, and he was placed on community supervision for 10 years. *Id.*

In March 2022, Thornton appealed the 2017 conviction. *See Thornton v. State*, 05-22-00189-CV, 2022 WL 1089917, at *1 (Tex. App.—Dallas Apr. 12, 2022,

pet. ref'd). The Dallas Court of Appeals dismissed the appeal as untimely, *id.*, and the Texas Court of Criminal Appeals (CCA) refused discretionary review. ECF No. 52-1 at 2-3.

In April 2022, Thornton filed a state habeas application under Texas Code of Criminal Procedure 11.072 with the Dallas County Criminal District Court No. 1 challenging the 2017 conviction, but, to date, the trial court has not ruled on the petition. Case Detail (txcourts.gov) (search for Case No. 05-23-00830-CR; last visited September 25, 2024); *see also* ECF No. 51 at 7 (counsel for Respondent explaining that, as of the date of the answer, April 12, 2024, the Dallas County court clerk affirmed that there were no "new entries" in the writ proceeding).

Then, in September 2022, Thornton filed a § 2254 application challenging the 2017 conviction, but the petition was dismissed as untimely on October 28, 2022. *Thornton v. State*, No. 3:22-cv-1957-D-BN, 2022 WL 16540678 (N.D. Tex. Sept. 8, 2022), *rec. accepted* 2022 WL 43243408 (N.D. Tex. Oct. 28, 2022).

Thornton also filed a federal civil rights complaint in March 2022, in which he—in addition to seeking monetary damages—sought release from confinement.[1] *See Thornton v. Pittman et al.*, No. 3:22-cv-0605-C-BT. The Court ordered that Thornton's habeas-type claims be severed into a new action. ECF No. 2 at 8. Two new habeas actions were opened: the instant case, *Thornton v. Pittman et al.*, No. 3:22-cv-2888-G-BT, and *Thornton v. Pittman, et al.*, No. 3:23-cv-0129-C-BT.

---

[1] At the time, Thornton was in custody at the Dallas County Jail—apparently after he violated a bond related to the 2017 conviction.

In early 2023, Thornton filed amended habeas petition—on the standard § 2241 forms—in both cases. In each amended petition, Thornton challenges his 2017 conviction and judgment. *See* No. 3:22-cv-2888-G-BT (ECF No. 13); No. 3:23-cv-0129-C-BT (Doc. No. 16)². The Court consolidated the two cases into this action.

Respondent filed an answer to the amended petitions. ECF No. 51. Thornton filed a response. ECF No. 55.

## Legal Standards and Analysis

1. <u>Section 2254 applies to Thornton's amended petitions because he is "in custody" pursuant to a state court judgment, and he is attacking that judgment</u>.

Respondent argues that § 2254 governs Thornton's amended petitions—even though Thornton used the standard § 2241 form and the Court initially construed the habeas-type claims asserted in his civil rights complaint as arising under § 2241.

"It is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing." *Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th Cir. 2011) (citations omitted). "Two habeas statutes provide potential federal jurisdiction and relief for state prisoners who challenge the lawfulness of their confinement or conviction." *Maldonado v. Lumpkin*, 2021 WL 9527515, at *4 (S.D.

---

² Citations to documents in this case are preceded with "ECF." Citations to documents in No. 3:23-cv-0129-C-BT are preceded with "Doc. No."

Tex. Sept. 29, 2021), *rec. accepted* 2022 WL 4751185 (S.D. Tex. Sept. 30, 2022).

The first is 28 U.S.C. § 2241, which provides, in part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
>
> …
>
> (b) The writ of habeas corpus shall not extend to a prisoner unless…
>
> (3) [h]e is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a)(c)(3).

The second statute is 28 U.S.C. § 2254:

> (a) The Supreme Court, a justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Whether a petitioner can proceed under § 2241, rather than § 2254, is significant because:

> Section 2241 does not include (1) the one-year limitations period of § 2244(d)(1), which applies to § 2254; (2) the extremely deferential review standards of §§ 2254(d)(1), (2); or (3) the limitation on successive petitions in § 2244(b)(2). A petitioner proceeding under § 2241, therefore, does not need to overcome these procedural hurdles. *Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011) ("[Section] 2254(d) was designed to impose additional burdens on post-conviction habeas petitioners and to effect the gatekeeping function of the [AEDPA]."); *see also Hartfield v. Quarterman*, 603 F.Supp.2d 943, 948 (S.D. Tex. 2009) ("habeas petitions under § 2241 have no statute of limitations and are reviewed de novo by federal courts").

*Maldonado*, 2021 WL 9527515, at *4.

4

Which statute applies depends on what the petitioner is challenging. "Section 2241 sets forth the basic grant of habeas power, which may be used to challenge pretrial detention." *Id.* (citing *Hartfield v. Osborne*, 808 F.3d 1066, 1072 (5th Cir. 2015)) (citing, in turn, *Yellowbear v. Wyoming Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008)). It may also be used by a sentenced prisoner to "attack[] the manner in which a sentence is carried out or the prison authorities' determination of its duration . . . ." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)). Section 2254 applies, on the other hand, when "a person in custody pursuant to the judgment of a State court" seeks habeas relief related to the legality of the conviction or sentence. *Osborne*, 808 F.3d at 1073 (citations omitted). "In short, § 2241 applies to all habeas petitions while § 2254 applies to habeas petitions made by state prisoners in custody pursuant to a state court judgment and contesting confinement based on such judgment." *Maldonado*, 2021 WL 9527515, at *4 (citing *Osborne*, 808 F.3d at 1072; *Lopez Rodriguez v. Dir. TDCJ-CID*, 2021 WL 291458, at *1 (N.D. Tex. Jan. 27, 2021)).

The Court agrees that § 2254 applies to Thornton's amended habeas petitions. As those amended petitions make clear, Thornton is in custody under a state court judgment, and he is attacking the validity of that judgment itself—not its execution or the way it is being carried out. Thus, § 2254—and its limitations on successive and untimely petitions—applies.

5

2. Thornton's petitions are successive and should be dismissed.

As explained above, this is not Thornton's first federal collateral attack on his 2017 conviction. Thus, the issue is whether Thornton's petitions are unauthorized successive petitions.

"[The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)] was enacting in part to bring finality to state court judgments." *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (citation omitted). "Section 2244 lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction." *Id.* (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)). Before a second or successive application permitted by the AEDPA may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). "If a pending petition qualifies as a successive writ application, this court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit." *See Jeffrey Small, TDCJ #00639945 v. Bobby Lumpkin*, 2024 WL 3572958, at *2 (S.D. Tex. July 24, 2024). This is in line with § 2254's goal of eliminating "the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

6

The AEDPA does not define "second or successive." The Fifth Circuit has defined a "second or successive" petition as one that "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d at 325; *see Adams v. Thaler*, 679 F.3d 312, 322 (5th Cir. 2012). If a claim in a second or successive petition was presented in a previous petition, it must be dismissed. 28 U.S.C. § 2244(b)(1). If a claim in a second or successive petition was not presented in a previous petition, it must be dismissed unless the petitioner satisfies the following standard:

> (A) The applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Thornton's amended petitions are successive. Thornton presents the same claims in his amended petitions that he presented in his September 2022 petition, which was denied as untimely.[3] *Compare* No. 3:22-cv-1957-D-BN, (§ 2254

---

[3] Thornton originally filed the civil rights complaint that spawned this case in March 2022, but the claims that he now presents first appeared in the amended habeas petitions that were filed in early 2023 and supersede the March 2022 filing.

7

petition) *with* No. 3:23-cv-00129-C-BT (Doc. No. 16) (amended § 2241 petition), *and* No. 3:22-cv-2888-G-BT (ECF No. 13) (amended § 2241 petition). These claims must be dismissed as successive. *See* 28 U.S.C. § 2244(b)(1). And to the extent that Thornton's amended petitions raise any new claims that he argues could not have been discovered when he filed the September 2022 petition, these must also be dismissed as successive, as he has not directed the Court's attention to any order from the Fifth Circuit authorizing the filing of these claims. *See* 28 U.S.C. § 2244(b)(3)(A); *Adams*, 679 F.3d at 321.

Thornton's amended petitions are unauthorized successive writs and should be dismissed without prejudice.

3. <u>Alternatively, Thornton's amended petitions are untimely</u>.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Pub. L. 104-132, 110 Stat. 1214 (1996). Under the statute, the limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

*King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."). Thus, the amended petitions are successive to the September 2022 petition.

8

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. See *id.* § 2244(d)(2).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). Here, there is no sign that the provisions of § 2244(d)(1)(B)-(D) are implicated. As a result, § 2244(d)(1)(A) applies.

Thornton's amended petitions are untimely under § 2244(d)(1)(A). Thornton did not timely appeal his 2017 conviction. As the Dallas Court of Appeals explained:

> [a]bsent a timely filed motion for new trial, appellant's notice of appeal was due by February 13, 2017. *See* Tex. R. App. 26.2(a)(2). To obtain the benefit of the extension period provided by rule 26.3, appellant had to file his notice of appeal in the trial court and an extension motion in this Court by February 27, 2017. *See* Tex. R. App. P. 26.3; *Slaton v. State,* 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam); *Olivo v. State,* 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The notice of appeal filed in this Court shows it was prepared and postmarked on March 4, 2022. Even if we were to consider his September 11, 2019, notice of appeal that notice is also untimely. Because appellant's notice of appeal is untimely, we lack jurisdiction over the appeal. *See Slaton,* 981 S.W.2d at 210; *Olivo,* 918 S.W.2d at 523.

*Thornton v. State*, No. 05-22-00189-CR, slip. op. at 3 (Tex. App.—Dallas Apr. 12, 2022) (citation modified).

And, as another judge of this Court explained in finding Thornton's September 2022 challenge to the 2017 conviction untimely:

> Because Thornton did not file a timely direct appeal, the state criminal judgment he now challenges under Section 2254 became final for federal-limitations purposes on the thirtieth day after it was imposed (January 12, 2017) that was not a Saturday, Sunday, or legal holiday— which was February 13, 2017. *See* Tex. R. App. P. 26.2(a)(1); Tex. R. App. P. 4.1(a).

*Thornton*, 2022 WL 16540678, at *4.

So, Thornton had until Tuesday, February 13, 2018, to file a timely § 2254 habeas action challenging the 2017 conviction. But he did not file the prisoner civil rights complaint that spawned the amended petitions until March 10, 2022 (No. 3:22-cv-2888-G-BT; ECF No. 3 at 9) and (No. 3:23-cv-0129-C-BT; Doc. No. 4 at 9). He did file a state habeas application challenging the 2017 conviction on April 26, 2022 (ECF No. 52-2 at 3), but that was over four years after the federal filing deadline expired and therefore does not toll the federal deadline. *See, e.g.*, *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired.") (emphasis in original).

Finally, although Thornton does not make the argument, the Court has considered whether equitable tolling might apply. The AEDPA's one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v.*

10

*Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605-06 (5th Cir. 2006). Additionally, "'[e]quity is not intended for those who sleep on their rights.'" *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (citation omitted). Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'" *Id.* at 715 n. 14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992)). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Thornton has not shown that he was actively misled or that he was prevented in some way from asserting his rights. He has not shown that this is the kind of "rare and exceptional" case in which equitable tolling could apply. Thornton's federal habeas applications challenging his 2017 conviction are untimely.[4]

---

[4] Respondent also argues that Thornton's amended petitions should be dismissed as unexhausted because the state habeas application that he filed in April 2022 is still pending before the trial court, so the CCA has not had the chance to address it. In response, Thornton argues that the habeas application has been pending for

11

**Recommendation**

The Court should dismiss Thornton's amended federal habeas petitions as successive, or, alternatively, as untimely.

SO RECOMMENDED.

September 26, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

---

over two years before the trial court without any movement, which should excuse the exhaustion requirement. Thornton is correct that, "inexcusable or inordinate delay by the state in processing claims for relief" may make the state process ineffective to protect the petitioner's rights and excuse exhaustion. *Harris v. Champion,* 15 F.3d 1538, 1555 (10th Cir. 1994) (citing *Wojtczak v. Fulcomer,* 800 F.2d 353, 354 (3d Cir. 1986); *Hill v. Reynolds,* 942 F.2d 1494, 1496 (10th Cir. 1991)). But given the other reasons to dismiss Thornton's amended petitions, the Court need not decide if exhaustion should be excused here.

12